(HC)Ibarrola v. District Court L. Karlton                                                                 Doc. 4

Case 2:07-cv-01526-GEB-DAD   Document 4   Filed 08/13/2007   Page 1 of 3

```
 1
 2
 3
 4
 5
 6
 7
 8                         IN THE UNITED STATES DISTRICT COURT
 9                       FOR THE EASTERN DISTRICT OF CALIFORNIA
10   ELEAZAR IBARROLA,
11                  Petitioner,              No. CIV S-07-1526 GEB DAD P
12          vs.
13   DISTRICT COURT, et al.,                 ORDER AND
14                  Respondents.             FINDINGS AND RECOMMENDATIONS
15                                      /
```

Petitioner, an inmate at the Sacramento County Main Jail, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. In the petition, petitioner contends that on July 12, 2007, he entered a plea agreement in state court on advice from his attorney after his motion to suppress evidence was denied. Petitioner contends that the plea agreement was reached without full knowledge of his rights and under duress. He seeks to have the plea agreement rescinded and his sentence withdrawn.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. See 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it

/////

/////

1

Dockets.Justia.com

must be waived explicitly by the respondent's counsel. See 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred.

A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting them to the federal court. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

After reviewing the present petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. The claims set forth in the petition have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[2] In light of these findings and recommendations, petitioner's application for leave to proceed in forma pauperis will be denied.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's application for leave to proceed in forma pauperis is denied; and

2. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California.

Also, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. See 28 U.S.C. § 2254(b)(2).

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. See 28 U.S.C. § 2244(d).

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 13, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
ibar1526.103